UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OBADIAH ROBERTS,

Plaintiff,

v.

A. TURNER,

Defendant.

Case No. 1:25-cv-00168-KES-CDB (PC)

ORDER SETTING SETTLEMENT CONFERENCE

Hearing: **Settlement Conference**
Date: **November 16, 2026**
Time: **8:30 a.m.**
Location: **CSP-COR**

Plaintiff Obadiah Roberts ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint in state court against Defendant Anthony Turner ("Defendant") on October 28, 2024, before Defendant removed the action to this Court on February 10, 2025. (Doc. 1). Following screening, this action proceeds on Plaintiff's first amended complaint ("FAC"), filed on January 30, 2026 (Doc. 9) against Defendant Turner, a former plumber/maintenance worker at Avenal State Prison, for an Eighth Amendment claim for conditions of confinement. See (Doc. 11). On September 16, 2026, Defendant filed an answer to the complaint. (Doc. 15).

The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to a U.S. Magistrate Judge to conduct a **settlement conference at the California State Prison, Corcoran (CSP-COR), 4001 King Avenue, Corcoran, CA 93212 on**

**November 16, 2026 at 8:30 a.m.** The Court will issue any necessary transportation order in due course.

The parties shall each submit a confidential settlement conference statement, as described below, to arrive at least seven days prior (one week) to the conference.

In the event Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Defendants shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. <u>An offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations</u>.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before a U.S. Magistrate Judge on **November 16, 2026 at 8:30 a.m. at CSP-COR**.
2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.
3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions. The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of CDCR.
4. Defendants shall provide a confidential settlement statement to the following email address: **settleconf@caed.uscourts.gov**. Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California, 93721, **"Attention: Institution Settlement Judge for November 16, 2026."** The envelope shall be marked "Confidential Settlement Statement". Settlement statements shall arrive no later than November 9, 2026. Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u> (See Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be

clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:
   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
   c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
   d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
   e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
   f. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.
6. If a settlement is reached at any time prior to the settlement conference, defense counsel is directed to file a Notice of Settlement in accordance with Local Rule 160.
7. The parties remain obligated to keep the court informed of their current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).
8. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

///

///

9. The Clerk of the Court is directed to serve a courtesy copy of this order on the Litigation Office at California State Prison, Corcoran, via facsimile at (559) 992-7372 or via email.

IT IS SO ORDERED.

Dated: **October 15, 2026**

UNITED STATES MAGISTRATE JUDGE